# United States District Court
## Eastern District of Tennessee

FILED
JAN 27  12 55 PM '06
U.S. DISTRICT COURT
EASTERN DIST. TENN.
AT ___ CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**GENEVA RETHA HOUSTON** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number:  **2:04-CR-63(2) & 2:04-CR-62**<br><br>**Renfro B. Baird, Esq.**<br>Defendant's Attorney |

## THE DEFENDANT:

[✓]  pleaded guilty to count(s): **72 of the Superseding Indictment in Case # 2:04-CR-63**
[ ]  pleaded nolo contendere to count(s) ___ which was accepted by the court.
[✓]  was found guilty on count(s) **1 in Case # 2:04-CR-62** after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC §1957 | Aiding and abetting monetary transactions over $10,000 in criminally derived property | 06/19/2000 | 72<br>(2:04-CR-63) |
| 18 USC §1623 | Perjury | 08/10/2004 | 1<br>(2:04-CR-62) |

The defendant is sentenced as provided in pages 2 through _9_ of this judgment and the Statement of Reasons. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) ___.

[✓]  Count(s) **1-71 & 73-97 of the Indictment in (2:04-CR-63)** [ ] is  [✓] are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

January 23, 2006
Date of Imposition of Judgment

_Signature of Judicial Officer_

**J. RONNIE GREER**, United States District Judge
Name & Title of Judicial Officer

1/27/06
Date

DEFENDANT: GENEVA RETHA HOUSTON
CASE NUMBER: 2:04-CR-63 (2) & 2:04-CR-62

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **21 months on count 72 in 2:04-CR-63 and 21 months on count 1 in 2:04-CR-62 to run concurrently for a net effective sentence of 21 months.**

[✓] The court makes the following recommendations to the Bureau of Prisons:

**1. Credit for time served of one day.
2. Designation to the BOP facility in Alderson, WV.**

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
[ ] at ___ [ ] a.m. [ ] p.m. on ___.
[ ] as notified by the United States Marshal.

[✓] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before 2 p.m. on _.
[✓] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Sheet 3 — Supervised Release

DEFENDANT: GENEVA RETHA HOUSTON
CASE NUMBER: 2:04-CR-63 (2) & 2:04-CR-62

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years on count 72 in 2:04-CR-63 and 3 years on count 1 in 2:04-CR-62 with these counts to run concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✓] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✓] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: GENEVA RETHA HOUSTON
CASE NUMBER: 2:04-CR-63 (2) & 2:04-CR-62

## SPECIAL CONDITIONS OF SUPERVISION

1. Any portion of the restitution that is not paid in full at the time of your release from imprisonment shall become a condition of supervision. Any balance toward the restitution which remains unpaid at the time of commencement of supervised release shall be paid in monthly installments, at the rate of at least 10 percent of your monthly gross income. Interest is waived on the restitution.

2. You shall provide the probation officer with access to any requested financial information.

3. You shall not incur new credit charges or open additional lines of credit without permission of the probation officer, until the restitution has been paid in full.

DEFENDANT: GENEVA RETHA HOUSTON
CASE NUMBER: 2:04-CR-63 (2) & 2:04-CR-62

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B. The assessment is ordered in accordance with 18 U.S.C. § 3013.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | *$ 100.00* | *$ 0* | *$ 7,991,622.72* |

[ ] The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[✓] The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, if the United States is a victim, all other victims, if any, shall receive full restitution before the United States receives any restitution, and all restitution shall be paid to the victims before any restitution is paid to a provider of compensation, pursuant to 18 U.S.C. § 3664.

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: GENEVA RETHA HOUSTON
CASE NUMBER: 2:04-CR-63 (2) & 2:04-CR-62

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Bettye J. Alston | $218,237.48 | $218,237.48 | |
| Willie L. Barney | $170,720.00 | $170,720.00 | |
| George Bell | $224,000.00 | $224,000.00 | |
| Jamie Biddle | $ 81,400.00 | $ 81,400.00 | |
| William Kirk Biddle | $ 30,400.00 | $ 30,400.00 | |
| Elena & Ernest Burd | $400,000.00 | $400,000.00 | |
| Betty Sue Chapman | $ 39,595.39 | $ 39,595.39 | |
| Andrew Cope | $ 72,000.00 | $ 72,000.00 | |
| Rebecca & Jerry Cope | $ 6,370.00 | $ 6,370.00 | |
| Mary B. Akin Deko | $ 17,600.00 | $ 17,600.00 | |
| Catherine & Don Feeser | $581,600.00 | $581,600.00 | |
| Crystal Flynn | $ 25,000.00 | $ 25,000.00 | |
| Charlene Geiter | $360,220.00 | $360,220.00 | |
| M. Lee Garrison | $ 50,000.00 | $ 50,000.00 | |
| Karen Gibson | $ 65,283.71 | $ 65,283.71 | |
| Ella B. Gordon | $ 2,300.00 | $ 2,300.00 | |
| Natalie & Otis Graves | $ 98,100.00 | $ 98,100.00 | |
| James H. Hall | $ 50,000.00 | $ 50,000.00 | |
| Lennis Jarvis Height | $245,303.24 | $245,303.24 | |
| Jean Hirst | $180,519.73 | $180,519.73 | |
| John Humphreys | $ 50,000.00 | $ 50,000.00 | |
| Gene L. James | $812,000.00 | $812,000.00 | |
| Catherine Betz | $309,225.39 | $309,225.39 | |
| Johnie B. Johnson | $555,800.00 | $555,800.00 | |
| Thomas Kahler | $ 50,000.00 | $ 50,000.00 | |
| Walter Littlefield | $ 39,000.00 | $ 39,000.00 | |
| Larry D. Massey | $ 50,000.00 | $ 50,000.00 | |
| Claranetta Maxwell | $685,656.72 | $685,656.72 | |
| Mary Miller Pedersen | $ 50,000.00 | $ 50,000.00 | |
| Peggy Richardson | $320,556.74 | $320,556.74 | |
| Beverly Ann Schneid | $194,320.00 | $194,320.00 | |
| Gail Ann Secord | $ 46,620.00 | $ 46,620.00 | |
| Calvin Silbert | $ 26,999.00 | $ 26,999.00 | |
| Mary Janice Singh | $ 98,280.00 | $ 98,280.00 | |
| Cliff & Wanda Stepp | $ 39,670.00 | $ 39,670.00 | |
| Michael S. Summers | $111,500.00 | $111,500.00 | |
| Lonnie Taylor | $129,668.62 | $129,668.62 | |
| Christina White | $550,580.00 | $550,580.00 | |
| Fred Wickman | $953,096.70 | $953,096.70 | |
| TOTALS: | $ 7,991,622.72 | $ 7,991,622.72 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: GENEVA RETHA HOUSTON
CASE NUMBER: 2:04-CR-63 (2) & 2:04-CR-62

[ ]     If applicable, restitution amount ordered pursuant to plea agreement $ _

The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✔]     The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [✔] The interest requirement is waived for the   [ ] fine and/or         [✔] restitution.

    [ ] The interest requirement for the  [ ] fine and/or     [ ] restitution is modified as follows:


See 'Additional Restitution Payees' page.

---

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: GENEVA RETHA HOUSTON
CASE NUMBER: 2:04-CR-63 (2) & 2:04-CR-62

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [✓] Lump sum payment of $ *100.00* due immediately, balance due

    [ ] not later than _, or
    [✓] in accordance with [ ] C, [ ] D, or [ ] E or [✓] F below; or

B [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [] F below); or

C [ ] Payment in ____ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ] Payment in ____ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within *0* (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [✓] Special instructions regarding the payment of criminal monetary penalties:

*The government may enforce the full amount of restitution ordered at any time, pursuant to Title 18, United States Code, Sections 3612, 3613 and 3664(m). Any portion of the restitution that is not paid in full at the time of your release from imprisonment shall become a condition of supervision. Any balance toward the restitution which remains unpaid at the time of commencement of supervised release shall be paid in monthly installments, at the rate of at least 10 percent of your monthly gross income. Interest is waived on the restitution.*

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Unless otherwise directed by the court, the probation officer, or the United States attorney, all criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to *U.S. District Court, 220 W. Depot St., Suite 200, Greeneville, TN 37743*. Payments shall be in the form of a check or a money order, made payable to U.S. District Court, with a notation of the case number including defendant number.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✓] Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

    *Gary L. Von Oesen, 2:04-CR-63, $7,991,622.72*

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:       GENEVA RETHA HOUSTON
CASE NUMBER:     2:04-CR-63 (2) & 2:04-CR-62

[✔]  The defendant shall forfeit the defendant's interest in the following property to the United States:

   1. *Funds contained in Union Planters Checking Account Number 0003071839 in the name World Money Club as of February 13, 2003.*

   2. *Funds contained in Union Planters Checking Account Number 003080285 in the name G&G Partners as of February 13, 2003.*

   3. *Funds contained in Union Planters Checking Account Number 7800020047 in the name of Gary L. Von Oesen d/b/a Urban Resource Technologies International as of February 13, 2003.*

   4. *Funds contained in E*Trade Securities Account Number 4788-7136 in the name World Capitol Group, Inc. as of February 20, 2003.*

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.